UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20715-RAR

**KESCHENER DESTIN**,

    Plaintiff,

v.

**DELVIN BROOKS**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on Plaintiff Keschener Destin's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. *See* Complaint ("Compl.") [ECF No. 1]. In his Complaint, Plaintiff alleges that two police officers with the Miami-Dade County Police Department, Delvin Brooks and Zuri Chambers, violated his constitutional rights during a custodial interrogation which led to his subsequent arrest. *See* Compl. at 14–15. Plaintiff also accuses the elected State Attorney of Miami-Dade County, Katherine Fernandez Rundle, of maintaining a criminal prosecution against him even though his arrest was based on illegally-obtained evidence. *Id.* at 15. After reviewing Plaintiff's allegations, the Court concludes that Plaintiff fails to state a claim against any of the Defendants and the Complaint must be **DISMISSED**.

## LEGAL STANDARD

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* §

1915A(c).  In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Similarly, under § 1915(e)(2), "the court *shall* dismiss [a] case *at any time* if the court determines that . . . the action" fails for the same enumerated reasons articulated under § 1915A.  *Id.* § 1915(e)(2)(B) (emphasis added).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* at 678 (internal quotation marks omitted).

## ANALYSIS

In reviewing the Complaint, the Court finds that Plaintiff has alleged four different constitutional violations by Defendants.  First, Plaintiff claims that Detectives Brooks and Chambers violated his Fifth Amendment rights by "obtain[ing] [an] involuntary *Miranda* waiver through coercive and induc[ive] promises."  Compl. at 16.  Second, those same Defendants then conducted an "illegal search" by taking a sample of Plaintiff's DNA after obtaining his "involuntary consent."  *Id.* at 15.  Third, Plaintiff avers that all three Defendants used this "unlawful information" to "unlawfully arrest" him.  *Id.* at 16.  Finally, Plaintiff brings a malicious prosecution claim against Defendant Fernandez Rundle for continuing to prosecute Plaintiff for

"unlawful charges"—even though she purportedly knows that "plaintiff's involuntary consent sustains that criminal prosecution." *Id.* at 15–16. None of these alleged violations, however, state a claim that is cognizable under § 1983.

### A. A *Miranda* Violation is Not Remediable Under § 1983

Plaintiff's first allegation is that Detectives Brooks and Chambers used improper coercive techniques to secure involuntary and incriminating statements from Plaintiff in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). In Plaintiff's view, these two detectives relied on "coercion, inducement and promises" to trick Plaintiff into involuntarily waiving his *Miranda* rights before speaking with the detectives. Compl. at 14. Plaintiff contends that, because of Defendants' illegal actions, he was placed under arrest and charged with attempted murder. *See id.* at 14–15. In a recent decision, the Supreme Court held that "a violation of *Miranda* does not necessarily constitute a violation of the Constitution, and therefore such a violation does not constitute 'the deprivation of a right secured by the Constitution.'" *Vega v. Tekoh*, 142 S. Ct. 2095, 2106 (2022) (alterations omitted) (quoting 42 U.S.C. § 1983). The Court went on to explain that, even if a state actor violates a defendant's *Miranda* rights, the proper remedy is "the suppression at trial of statements obtained in violation of *Miranda* . . . . Allowing the victim of a *Miranda* violation to sue a police officer for damages under § 1983 would have little additional deterrent value[.]" *Id.* at 2107. Since § 1983 cannot be used to seek damages from a state actor who violates *Miranda*, Plaintiff's *Miranda*-based claims against Detectives Brooks and Chambers must be dismissed.

### B. Defendant Fernandez Rundle is Immune from Suit

Next, Plaintiff claims that Defendant Fernandez Rundle is violating his constitutional rights by continuing to imprison and prosecute Plaintiff for premeditated attempted murder even though

she (supposedly) is aware that the evidence against him was obtained illegally. *See* Compl. at 15 ("State attorney Katherine Fernandez Rundle, despite Plaintiff was held [sic] on false arrest, filed information charging Plaintiff with premediated attempted murder arising from [Detective Brooks and Chambers's] illegal activity in violation of Plaintiff's federal rights and ordered that the plaintiff be detained without bond on unlawful charges based on unlawful arrest to cause false imprisonment to plaintiff."). Plaintiff cannot sue Fernandez Rundle on this basis. It is well-established that "prosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution. A prosecutor is absolutely immune from suit for malicious prosecution. . . . A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (internal citations omitted). Prosecutorial immunity even applies if the prosecutor acts in bad faith during the prosecution itself. *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279–80 (11th Cir. 2002) ("[E]ven if [the prosecutor] knowingly proffered perjured testimony and fabricated exhibits at trial, he is still entitled to absolute immunity from liability for doing so."). Defendant Fernandez Rundle's decision to prosecute Plaintiff and to seek pretrial detention are clearly actions she undertook "while performing [her] function as an advocate for the government." *Id.* at 1279. Therefore, she is plainly immune from suit under § 1983—even if her prosecution is predicated on wrongfully acquired evidence.[1]

### C. *Younger* and *Heck* Bar the Remaining Claims

With all that said, Plaintiff's only remaining claims are against Detectives Brooks and Chambers for an illegal search of his person and a false arrest. Plaintiff mainly repeats the same

---

[1] Plaintiff's malicious prosecution claim also fails for another reason: he has not shown that the prosecution itself was "terminated in the plaintiff accused's favor." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019). In fact, Plaintiff admits that this purportedly "unlawful" prosecution is still ongoing. *See* Compl. at 12 (admitting that Plaintiff continues to be "a pretrial detainee").

essential allegations here—both detectives used improper techniques to extract an involuntary waiver of Plaintiff's constitutional rights and then used the ill-gotten evidence to illegally arrest Plaintiff. *See* Compl. at 14–15 ("At the end of the Detective Brooks' and Detective Chambers' illegal procedure, Detective Brooks stated that Plaintiff was under arrest and charged, according to the information and evidence taking from Plaintiff in violation of Plaintiff's federal rights.") (errors in original). Plaintiff also alleges that he filed a *pro se* motion to suppress in state court that was granted, thereby proving that the detectives did, in fact, violate his constitutional rights. *See id.* at 15; *see also* Motion to Suppress and Order [ECF No. 1-1] at 8–16.[2] Plaintiff's reliance on state court proceedings, however, proves that this case is little more than an under-handed attempt to get the federal courts involved in an ongoing state prosecution. Because that is improper, the Court must dismiss all the remaining claims against Defendants.

To start, these claims are barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The Eleventh Circuit has consistently held that a federal court should dismiss a § 1983 complaint on *Younger* grounds when "the state criminal proceedings against [the § 1983 plaintiff] are pending," and the plaintiff "could have raised his constitutional challenges in the state criminal proceedings." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766–67 (11th Cir. 2013); *see also Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009) ("The abstention doctrine derived from *Younger* applies most often in cases involving pending state criminal prosecutions."). Plaintiff should, of course, know all this since this Court recently

---

[2] The Court finds that this argument needs some clarification. The state trial court did apparently find that Plaintiff's statements "[were not] freely and voluntarily given" and granted a motion to suppress on that basis. Motion to Suppress [ECF No. 1-1] at 10. However, it has not yet ruled upon a second motion to suppress (this time filed by Plaintiff's state court defense attorney) which specifically challenges the legality of the DNA swab taken by Defendants. *See id.* at 11 ("The oral DNA swab compelled from Mr. Destin and the prosecution's laboratory analysis thereof carry the taint of [Defendants'] original unlawful and coercive interrogation[.]").

dismissed his 28 U.S.C. § 2241 petition for writ of habeas corpus—which also challenged the legality of his imprisonment on the grounds that it "derived from an involuntary confession" and other unconstitutional acts by law enforcement—based on *Younger* abstention because his state court criminal proceedings have not concluded. *Destin v. Florida*, No. 22-CV-22251, 2023 WL 1796448, at *2 (S.D. Fla. Feb. 7, 2023).[3]  Thus, abstention under *Younger* is clearly appropriate, not only because the state criminal proceedings are still ongoing, but also because Plaintiff has been able to (successfully) raise any constitutional challenges incident to his prosecution in state court. *See* Motion to Suppress and Order [ECF No. 1-1] at 8–16; *see also, e.g.*, *Luckey v. Miller*, 976 F.2d 673, 677 (11th Cir. 1992) (holding that *Younger* applies when "the state courts do have the authority to consider the claims raised by the plaintiffs"); *Taylor v. Castillo*, No. 22-CV-14118, 2022 WL 1443239, at *2 (S.D. Fla. May 6, 2022) (abstaining under *Younger* even though "Plaintiff claims that this new [state] prosecution was born through animus").  In short, Plaintiff is not "procedurally prevented from raising his constitutional claims in the state courts," so the Court must abstain from involving itself in an ongoing state matter. *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996).

Even if *Younger* didn't apply, the claims would still be barred pursuant to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Court held that a § 1983 plaintiff cannot "recover damages for [an] allegedly unconstitutional conviction or imprisonment"

---

[3] The Court also takes judicial notice of Plaintiff's state court docket from the Eleventh Judicial Circuit Court in and for Miami-Dade County Florida, Case No. F19-008825. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute.'") (quoting Fed. R. Evid. 201(b)).  The docket confirms that Plaintiff's criminal charges are still pending as of the rendition of this Order.

Consistent with the Court's exercise of judicial notice, the Clerk is **INSTRUCTED** to include the Eleventh Judicial Circuit's docket in Case No. F19-008825, as of the date of this Order's rendition, as part of the record in this case, available at https://www2.miami-dadeclerk.com/cjis/ (last accessed Feb. 27, 2023).

unless that same conviction "has been reversed on direct appeal, expunged by an executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486–87.  If the Court granted Plaintiff the relief he seeks, it would have to determine that the DNA swab and Plaintiff's subsequent arrest were unconstitutional which, in turn, would be an implicit finding that Plaintiff's ongoing state prosecution is also illegal.  *See Clement v. McCarley*, 708 F. App'x 585, 589 (11th Cir. 2017) ("The district court properly determined that Mr. Clement's false arrest claim was barred by *Heck*.  His claim would clearly imply the invalidity of his convictions because it is based on the assertion that there was no probable cause to believe he had committed the offense for which he was convicted.").[4]  Since the Complaint "is an attempt to collaterally attack an ongoing [criminal prosecution] that has not been invalidated, *Heck* bars Plaintiff from advancing [these] claims under § 1983." *Taylor*, 2022 WL 1443239, at *3 (citing *Rosa v. Satz*, 840 F. App'x 491, 493 (11th Cir. 2021)).

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Complaint [ECF No. 1] is **DISMISSED** for failing to state a claim upon which relief may be granted.  The Clerk is **INSTRUCTED** to attach a copy of the state court docket in Case No. F19-008825 to this Order.  All pending motions are **DENIED** as moot and all deadlines, if there are any, are **TERMINATED**.  This case is **CLOSED**.

---

[4] An illegal search does not necessarily implicate *Heck* because "a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).  In this case, however, Plaintiff's DNA swab was used to link Plaintiff to the weapon allegedly used during the charged offense.  *See* Motion to Suppress [ECF No. 1-1] at 9 ("[Law enforcement] sent Mr. Destin's DNA swab, along with an impounded knife, to MDPD's Forensic Services Bureau for comparative analysis.").  If this search was illegal "it would cast doubt on the validity of an essential element of the offense," so the Court finds that *Heck* also applies to the illegal search claim.  *Weaver v. Geiger*, 294 F. App'x 529, 533 (11th Cir. 2008).

**DONE AND ORDERED** in Miami, Florida, this 27th day of February, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Keschener Destin
Miami-Dade County - Metro West
Inmate Mail/Parcels
13850 NW 41st Street
Miami, FL 33178
PRO SE